IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 22-05617 |
| DUKE and DUKE MANAGEMENT, ) | Judge David D. Cleary |
| LLC., ) | Ch. 7 |
| Debtor ) | |

MOTION FOR ENTRY
OF THE ORDER FOR RELIEF
AND APPOINTMENT OF INTERIM TRUSTEE

Now comes the Petitioning Creditor, Geraldine Ziemke by her attorney, Dennis M. Sbertoli and moves this Court to enter The Order for Relief and appoint an interim Trustee. In support of this Motion, Movant submits the following.

1. This Court has jurisdiction pursuant to 28 U.S.C § 1334.

2. Venue is proper under 28 U.S.C § 1408 as all relevant transactions occurred within the Northern District of Illinois.

History of the Case

3. Debtor's predecessor, Duke LLC, was engaged in the business of making high risk loans to consumers.

4. In approximately June 2012 the principals of Duke LLC,[1] solicited funding from Petitioner, Geraldine Ziemke.

5. Between June 2012 and June 2015 Petitioner made 31 loans to Duke LLC, each evidenced by a promissory note and secured by receivables due Debtor.

6. Duke LLC defaulted on those loans.

7. On approximately July 1, 2015 Mr. Coscadden, acting on behalf of Duke LLC, and as

---

[1] Tony Corscadden, Warren M. a/k/a Luke, Peltier and Laura J. Horlbeck

Manager, executed a Debenture and Security agreement in favor of Petitioner in the amount of $1,000,000.00.

8. Approximately October 2016 all assets of Duke LLC were transferred to Debtor as Duke LLC was involuntarily dissolved.

9. Debtor defaulted on its obligations under the debenture and security agreement.

10. On February 28, 2018 Petitioner caused a default letter and notice of acceleration to be sent to Debtor.

11. Upon Debtor's failure to cure the default, Petitioner initiated enforcement proceedings in the Du Page County Circuit Court, To wit: *Gearaldine Ziemke vs. Duke and Duke Management, Tony Corscadden, Laura J. Horlbeck and Warren M. Peltier a/k/a Luke Peltier*, 2018 L 000325. (The Litigation).

12. During the course of The Litigation Debtor admitted the existence of the note and further admitted there existed a balance due to Geraldine Ziemke in the amount of $1,000,000.00.

13. Subsequently Debtor has made no payments to Petitioner.

14. Debtor has since ceased all operations.

15. Petitioner has reason to believe significant transfers were made from Debtor to related entity, Banquet Financial, LLC, as well as to the individual members of Debtor.

16. Counsel in the underlying litigation learned that it was a common practice for Debtor to purchase debit cards for distribution to the principals of the Debtor.

17. It was further learned that the above debit cards were used for payment of personal expenses such as mortgage payments.

18 The principals of BANQUET, Warren M. Peltier a/k/a Luke Peltier and Laura

Horlbeck, also principals in Debtor Duke and Duke.

19. Petitioner asserts there remains no *bona fide* dispute as to the amounts due from Duke and Duke to Petitioner.

20. It is in the best interests of the creditors of Duke and Duke, including Petitioner, that a Trustee be appointed to investigate the transactions by and among Duke and Duke, its principals and related entities.

21. Preceding the bringing of this Motion there had been extensive negotiations among the parties in an effort to establish a repayment plan from BANQUET to Petitioner.

22. After executing a "global settlement agreement" the Petitioner, through her counsel commenced a due diligence evaluation of the financial condition of BANQUET.

23. During the course of that due diligence evaluation it was concluded that neither BANQUET nor any of the related entities had any assets or any means by which to carry out the terms of settlement.

24. The failure of the due diligence evaluation resulted in a breakdown of further negotiations.

Wherefore, Petitioner respectfully requests that this Court enter an Order granting the the following:

1. Enter the Bankruptcy Order For Relief;

2. Appoint an Interim Trustee to investigate the financial condition and transactions of Debtor;

3. Such other relief as this Court deems appropriate.

/s/ Dennis M. Sbertoli

Dennis M. Sbertoli

ARDC # 3128965
Attorney for Geraldine Ziemke,
  Petitioner
PO Box 1482
La Grange Park, IL 60526
(708) 579-9724
dsbert4978@aol.com
Ziemke\M4Entry.wpd